UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAVARIS RICKETT,

                    Plaintiff,

          -against-

NYS TROOPER DAVID T. WHITE, #3741;
NYS TROOPER SHANE C. JONES, #2295,

                    Defendants.

1:26-CV-4357 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Tavaris Rickett, who is currently held in the Broome County Sheriff's Correctional Facility, located in Binghamton, Broome County, New York, brings this *pro se* action asserting claims of federal constitutional violations under 42 U.S.C. § 1983, seeking injunctive relief and damages. He sues: (1) New York State Trooper David T. White; and (2) New York State Trooper Shane C. Jones. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.[1]

## DISCUSSION

The appropriate venue provision for Plaintiff's claims can be found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action must be brought in the United States District Court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff's complaint, *in forma pauperis* application, and prisoner authorization are all styled for the United States District Court for the Northern District of New York.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff alleges that Troopers White and Jones are assigned to barracks located in either Endwell, Broome County, New York, or in Sidney, Delaware County, New York (ECF 1, at 2-5), both located within the Northern District of New York, 28 U.S.C. § 112(a). But because it is unknown where they reside, it is not clear whether venue is proper in this court under Section 1391(b)(1). Even if the Court assumes that venue is proper in this court under Section 1391(b)(1), because it appears that the alleged events giving rise to Plaintiff's claims occurred in Broome County, where Plaintiff is currently detained, within the Northern District of New York, *see id.*, the United States District Court for the Northern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying alleged events appear to have occurred in Broome County, within the Northern District of New York, the federal judicial district in which Plaintiff is currently detained and where White and Jones are assigned. It is therefore reasonable to expect that relevant documents and witnesses would also be within that judicial district. As such, the United States District Court for the Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. *See* § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis*, status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 3, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

4